UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHARLES MICHAEL FELTY                                   PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:17-CV-P1-JHM

DAVE WEDDING et al.                                       DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Charles Michael Felty, filed a *pro se* complaint on this Court's form for prisoners bringing a civil-rights suit pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, who is currently incarcerated in Indiana, names as Defendants Dave Wedding, Sheriff/Jailer of the Vanderburgh County Jail in Evansville, Indiana; Jailer Ron Herrington, Henderson County Detention Center, Henderson, Kentucky; and Commissioner Rodney Ballard, Frankfort, Kentucky. He alleges that his "right to not be shuttled place to place after being sentenced to the Department of Corrections in Indiana" has been violated by the Vanderburgh County Jail and every jail he has been sent to since. He states that he was sent to Daviess County Detention Center in Owensboro, Kentucky, on January 27, 2016, to face an active warrant for pending charges. He states that he was then released on an unsecured bond and sent to Henderson County, Kentucky, to face warrants for more charges. He alleges:

> I had my lawyer contact the prosecutor in Evansville, who subsequently put a hold (detainer) on me for 'failure to appear' on the cases I was already sentenced on . . . which is still active. This also caused a plea agreement in Henderson to get me sent to a long-term rehab for drug addiction (which Vanderburgh also said I

needed) to be taken from me, since I could not be released to it due to the hold out of Vanderburgh County for the "failure to appear."

Plaintiff also alleges:

This also caused me to get my rights into not being under duress to take a plea violated. My lawyer had a 5 yr. K.D.O.C. plea in Henderson ready, but I was so scared that I needed to get back to Indiana so the courts or I.D.O.C. didn't screw me. I had to take double the amount of time – 10yrs K.D.O.C. – to get shocked out in 6 months to my detainer in Vanderburgh County because they said going to K.D.O.C. I'm not guaranteed parole to get back over there. And I didn't know if my detainer would affect me getting that parole (because I have never done D.O.C. time in Kentucky) and the only way they would guarantee it was to take the 10 yr max on a T.B.O.T. charge and get "shocked" out in 6 months.

Finally, Plaintiff alleges that his rights have been "violated by this jail by not offering me any sort of law library to help myself in this matter."

As relief, Plaintiff asks for monetary and punitive damages, for incarcerated-time credit in both states, and for removal of the "hold" on him "in Indiana and/or give me time-credit for classes I have taken here."

Plaintiff attaches to the complaint a letter from an attorney; a grievance Plaintiff filed with HCDC; correspondence from the Roederer Correctional Complex regarding possible shock probation; and a copy of a letter from Plaintiff to Commissioner Ballard.

## II. **ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

2

the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Most of Plaintiff's allegations have to do with the fact or duration of his confinement. For example, Plaintiff complains of having to take a ten-year plea deal instead of a five-year deal. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil-rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Thus, Plaintiff fails to state a § 1983 claim regarding the fact or duration of his custody.

Nor does Plaintiff state a § 1983 claim simply because he has been transferred between penal institutions. "In a § 1983 action, the plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States caused by a person acting under color of state law." *Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "An inmate has no justifiable expectation that he will be incarcerated in any particular prison . . . ." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Plaintiff therefore does not allege the

deprivation of a federal or constitutional right in having been transferred to different prisons/jails.

To the extent that Plaintiff contends that transfers have affected the length of his sentence or his ability to participate in drug rehabilitation, he also fails to state a claim. There is no right under the Constitution to earn or receive sentence credits. *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) ("No prisoner, whether in the general population or administrative segregation, has an absolute right to earn a recommendation for reduction of sentence by reason of his or her work in the jail."). Nor is there any right to participate in a drug rehabilitation program. *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001) ("[A] prisoner has no constitutional right to rehabilitation, education, or jobs."); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (per curiam) (holding no protectible liberty or property interest in attending rehabilitation program).

Finally, with regard to Plaintiff's allegation that he has been denied access to a law library, the courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a right of access to the courts, but it does not guarantee access to a prison law library. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Even when an inmate claims his access to the courts was denied merely because he was denied access to the prison library, or certain books, he fails to state a claim absent any showing of prejudice to his litigation. *Walker v. Mintzes*, 771 F.2d at 932. In order to state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal

assistance program is subpar in some theoretical sense."). Plaintiff, therefore, does not state a claim by merely alleging that he did not have access to a law library.

### III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed.

Date: April 19, 2017

*Joseph H. McKinley*
Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.009